UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Fernando Clark,             Civil No. 25-3986 (DWF/ECW)

    Plaintiff,

v.                                                 MEMORANDUM
                                                  OPINION AND ORDER

US Bancorp/U.S. Bank,

    Defendant.

## INTRODUCTION

This matter is before the Court on a motion to dismiss filed by Defendant US Bancorp/U.S. Bank ("U.S. Bank")[1] (Doc. No. 3) and an amended motion to remand filed by *pro se* Plaintiff Michael Fernando Clark (Doc. No. 9). For the reasons set forth below, the Court denies Clark's motion to remand and grants U.S. Bank's motion to dismiss.

## BACKGROUND

Clark alleges that on January 25, 2022, he attempted to conduct banking business at a U.S. Bank branch in St. Paul, Minnesota but was denied service on the basis of race. (Doc. No. 1-1 at 5.) Based on that basic allegation, Clark brought this action in state court, asserting the following claims against U.S. Bank: Violation of Minnesota Human Rights Act (Race Discrimination); Violation of 42 U.S.C. § 1981; Violation of Equal Credit Opportunity Act (15 U.S.C. § 1691); Violation of Title VI of the Civil Rights Act

---

[1]     U.S. Bank is the proper defendant in this action. (Doc. No. 1 ¶ 8.)

of 1964; Constitutional Violations (via 42 U.S.C. § 1983); Violation of the Americans with Disabilities Act, 42 U.S.C. § 12182; Violation of the Rehabilitation Act, 29 U.S.C. § 794; and Violation of the Minnesota Human Rights Act ("MHRA") (Minn. Stat. §§ 363A.11, 363A.12, 363A.17).  (*Id.* at 5-6.)

On October 16, 2025, U.S. Bank removed this action to federal court.  (Doc. No. 1.)  In the notice of removal, U.S. Bank stated that U.S. Bank is the only proper party to this action and that U.S. Bank is a citizen of Ohio.  (Doc. No. 1 ¶ 8.)  U.S. Bank now moves to dismiss this action in its entirety for failure to allege plausible claims.  Clark files a separate motion to remand this action to state court.

## DISCUSSION

### I.  Motion to Remand

Clark argues that this case is properly remanded back to state court because his claims pose no "substantial federal question" and complete diversity between the parties does not exist.  (Doc. No. 10 at 2.)

Under § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under § 1332, district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division

embracing the place where such action is pending." A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005).

On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The Court should resolve any doubt as to the propriety of removal in favor of remand. *Id.* at 620. U.S. Bank opposes Clark's motion to remand, arguing that the Court has both federal question and diversity jurisdiction over this action.

"Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). Accordingly, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Federal question jurisdiction exists either when "federal law creates the cause of action" or "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. of S. Cal.*, 463 U.S. 1, 27-28 (1983).

Here, Clark asserts six causes of action based on federal statutory law and two claims under MHRA. Plaintiff minimizes the focus of federal statutory law, claiming now that his claims arise solely under the MHRA and that the complaint's "mere reference to federal civil-rights principles does not create federal jurisdiction." (Doc. No. 10 at 1-2.) The Court disagrees. At the time of removal, Clark's complaint explicitly stated six causes of action based on federal statutory law. It goes without saying that all of these claims are created by and arise under federal law. Clark's invocation of these federal statutes is enough to confer federal jurisdiction upon the Court. *See Favors v. Comenity Cap. Bank*, No. 18-cv-1857, 2018 WL 6718528, at *2 (D. Minn. Nov. 5, 2018) (recommending denial of motion to remand and finding that *pro se* plaintiff raised claims under federal statutes that conferred original subject matter jurisdiction in federal court), *report and recommendation adopted by*, No. 18-cv-1857, 2018 WL 7050301 (D. Minn. Dec. 6, 2018).

The Court finds that U.S. Bank has demonstrated federal question jurisdiction. Moreover, the Court has supplemental jurisdiction over the MHRA claims because they form part of the same case or controversy as the federal claims. 28 U.S.C. § 1367(a) Thus, the Court denies Plaintiff's motion to remand.[2]

---

[2] Having found federal subject matter jurisdiction based on federal questions, the Court need not consider whether diversity jurisdiction also exists.

## II. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. In addition, the Court notes that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even so, a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

As an initial matter, U.S. Bank argues that Clark's complaint lacks any concrete factual allegation to put it on notice of the claims against it. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And while the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

5

(2009). A complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation modified). Complaints must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678.

Here, Clark asserts eight separate counts against U.S. Bank based on bare factual allegations. In whole, Clark alleges the following:

> On January 25, 2022, plaintiff attempted to [open a bank account/ deposit a settlement check/ apply for credit/ conduct banking business] at U.S. Bank in ST. Paul, MN. Plaintiff was treated differently and denied services on the basis of race, subjected to racial profiling, humiliation and experienced banking while Black. Plaintiff suffers from [mental health conditions. e.g., depression, PTSD, anxiety, agoraphobia], which were exacerbated by defendant's discriminatory actions. Defendants engaged in systemic racial profiling and discrimination in banking and lending practices, as shown by prior lawsuits, regulatory actions and statistical disparities.

(Doc. No. 1-1 at 5.) Based on these facts, Clark seeks monetary relief, including compensatory damages for emotional distress, humiliation, and financial harm and punitive damages, as well as various injunctive relief and financial relief for future costs for mental health and addiction treatment. (*Id.* at 6.)

Upon careful review, the Court concludes that these allegations do not satisfy Rule 8. Instead, it is apparent that Clark merely "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation modified). First, Clark fails to allege any specific fact to support any individual claim. Second, Clark asserts that he was discriminated against and treated differently when U.S. Bank denied him banking services, yet he does not specify any particular service that U.S. Bank refused to provide him access to. Nor does Clark allege any facts that would connect any denied

6

service to racial discrimination or any facts suggesting that he was treated differently than another similarly situated customer.  Also missing from the complaint are any facts showing that Clark was otherwise qualified or eligible for any denied service, such as any type of credit account.  And while Clark has alleged that he suffers from various mental conditions, he has not alleged facts to support any claim that he was denied services based on these conditions.  In short, Clark merely makes bald assertions that fail to provide facts necessary to render any of his claims plausible or to put U.S. Bank on notice of the substance of any of the claims asserted against it.  Accordingly, the claims in Clark's complaint are properly dismissed.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Clark's amended motion to remand (Doc. No. [9]) is **DENIED**.

2. U.S. Bank's motion to dismiss (Doc. Nos. [3]) is **GRANTED**.

3. Clark's claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 19, 2025          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge