**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael Fernando Clark,                                    Civil No. 25-3986 (DWF/ECW)

　　　　　　Plaintiff,

v.                                                                      **MEMORANDUM**
                                                                        **OPINION AND ORDER**
US Bancorp/U.S. Bank,

　　　　　　Defendant.


**INTRODUCTION**

This matter is before the Court on a motion to strike Plaintiff Michael Fernando

Clark's amended complaint filed by Defendant US Bancorp/U.S. Bank ("U.S. Bank").[1]

(Doc. No. 28.)  For the reasons set forth below, the Court grants U.S. Bank's motion.

**BACKGROUND**

Plaintiff originally brought his claims *pro se* in state court in September 2025.

(Doc. No. 1-1 at 3.)  U.S. Bank removed the action to federal court on October 16, 2025,

and subsequently moved to dismiss the case.  (Doc. Nos. 1, 3.)  Plaintiff opposed the

motion to dismiss, and while he briefly mentioned that he should be allowed to amend

should the Court find his pleading deficient, Plaintiff did not move to amend or otherwise

submit a proposed amended complaint.  (Doc. No. 17 at 7-8.)  On December 19, 2025,

the Court granted U.S. Bank's motion to dismiss, denied a motion to remand brought by

Plaintiff, and dismissed Plaintiff's claims without prejudice.  (Doc. No. 24.)  The Court

---

[1]     U.S. Bank is the proper defendant in this action.  (Doc. No. 1 ¶ 8.)

found, in short, that Plaintiff made only bald assertions that failed to provide facts necessary to render any of his claims plausible or to put U.S. Bank on notice of the substance of any claims.  (Doc. No. 24 at 7.)  Judgment was entered on December 22, 2025.  (Doc. No. 25.)  This case was closed.

On January 5, 2026, Plaintiff filed an amended complaint, again alleging that on January 25, 2022, he attempted to conduct banking business at a U.S. Bank branch in St. Paul, Minnesota, but was denied service on the basis of his race.  (Doc. No. 26 ¶¶ 6, 28.)  Adding more specifics, Plaintiff alleges that he went to U.S. Bank to open a checking account and deposit a settlement check in the amount of $116,855.61.  (*Id.* ¶ 7.)  Plaintiff alleges that he presented valid identification and that the settlement check was valid and from a legitimate source.  (*Id.* ¶¶ 8-11.)  According to Plaintiff, the teller assisting him reviewed the check and called over a supervisor, who then also examined the check, and stated "words to the effect of: 'I can't allow you to deposit this kind of money in this bank.'"  (*Id.* ¶ 14.)  Plaintiff further alleges that another bank employee, who was African American, took the check from the supervisor, ran it through a check reader, and stated that there was nothing wrong with the check, which prompted the supervisor to ask: "Why did you do that?"  (*Id.* ¶¶ 15, 16.)  Also according to Plaintiff, the supervisor asked Plaintiff:  "Don't you have your own bank?"  (*Id.* ¶ 17.)  Plaintiff explained that the check was cut by his attorney, whose office was located in the same building as, and who maintained an active banking relationship with, U.S. Bank.  (*Id.* ¶¶ 9, 18.)  Plaintiff alleges that the U.S. Bank employees refused to contact Plaintiff's attorney or to take any steps to verify his check, and that the supervisor stated, "I don't care what you do or say, I

2

will not allow you to deposit this check." (*Id.* ¶¶ 20-21.)  Plaintiff asserts that he was treated as suspicious and subjected to heightened scrutiny, was forced to leave the branch without opening an account or depositing his check, and that U.S. Bank's refusal to provide banking services was motivated by his race.  (*Id.* ¶¶ 24-28.)

Based on those allegations, Plaintiff asserts the following claims against U.S. Bank:  Race Discrimination in Contracting (42 U.S.C. § 1981) (Count I); a violation of Title VI of the Civil Rights Act of 1964 (Count II); and a violation of Minnesota Human Rights Act ("MHRA") (Count III).  (*Id.* at 3.)  U.S. Bank moves to strike the amended complaint, arguing that it is procedurally improper and, alternatively, to dismiss the amended complaint because it fails to provide fair notice of any plausible claim.  (Doc. No. 30.)

## DISCUSSION

Federal Rule of Civil Procedure 12(f) permits courts to strike "impertinent" matters from pleadings.  Fed. R. Civ. P. 12(f).  This includes "pleadings that have been amended in a way that is non-compliant with court rules."  *Gadbois v. Arrow Int'l Inc.*, No. 24-cv-1662, 2025 WL 756447, at *2 (D. Minn. Mar. 10, 2025).  U.S. Bank argues that Plaintiff's amended complaint is improper both because the case was dismissed and Plaintiff failed to follow local rules pertaining to amended pleadings.

While a pretrial motion for leave to amend "is to be liberally granted," the right to amend under Rule 15(a) terminates after a complaint is dismissed.  *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985).  In addition, before one can amend a complaint, a party must seek leave of court.  Fed. R. Civ. P. 15(a)(2).  Further, Local Rule 15.1

3

requires a separate motion to amend that includes a copy of the proposed amended complaint and a red-lined version showing how the proposed amended pleading is different than the original.  D. Minn. L.R. 15.1.

For his part, Plaintiff argues that his amended complaint is proper.  First, he notes that the Court dismissed his original complaint without prejudice, signaling that the deficiencies are curable.  Second, he argues that as a *pro se* litigant any procedural irregularities with no resulting prejudice should be excused.  The Court disagrees.  Here, the Court dismissed Plaintiff's claims and Plaintiff's right to amend terminated upon dismissal.  The fact that Plaintiff is *pro se* does not revive his right to amend.  *See, e.g.*, *Miles v. Lash*, No. 18-cv-309, 2018 WL 10560503, at *2 (D. Minn. Dec. 10, 2018) (denying pro se plaintiff's post-judgment motion to amend his complaint).  Nor does it relieve Plaintiff of his obligation to follow the rules on amending pleadings.  *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) ("All civil litigants are required to follow applicable procedural rules.").  Here, Plaintiff neither moved for leave to amend nor filed a proposed amended complaint.

For the above reasons, the Court concludes that Plaintiff's amended complaint is improper and properly stricken.[2]  Of course, because the case was dismissed without prejudice, Plaintiff is free to replead his claims in a new lawsuit.

---

[2]    Because the Court strikes the amended complaint, it need not consider U.S. Bank's alternative argument that the amended complaint would also be properly dismissed for failure to state a claim.  Even so, the Court notes that U.S. Bank's arguments have merit.  First, Plaintiff's MHRA claim appears to be untimely.  A violation of the MHRA must be commenced "within one year after the occurrence of the practice."  Minn. Stat. § 363A.28, subdiv. 3(a).  Plaintiff's MHRA claim is based on an

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY**

**ORDERED** that U.S. Bank's motion to strike the amended complaint (Doc. Nos. [28]) is

**GRANTED** and Plaintiff's amended complaint (Doc. No. [26]) is stricken.


Dated:  May 28, 2026                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

---

incident that occurred on January 25, 2022.  Plaintiff, however, did not initiate this action until September 2025, more than three years later.  Second, Plaintiff brings claims under 42 U.S.C. § 1981 and Title VI of the Civil Rights Act.  Both of these statutes require a showing of discriminatory intent on the part of U.S. Bank.  *See, e.g.*, *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009) (recognizing "discriminatory intent" as an element of a § 1981 claim); *Brantley ex rel. Brantley v. Indep. Sch. Dist. No. 625*, 936 F. Supp. 649, 657-58 (D. Minn. 1996) (explaining that under Title VI, a complaining party must demonstrate, among other things, that his race, color, or national origin was the motive for the discriminatory conduct).  Plaintiff's amended complaint appears to fall short of making concrete allegations of discriminatory intent or facts suggesting that he was treated differently than a similarly situated customer of another race.

5